IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARCUS M. FREEMAN,             ) | |
| ) | |
| Plaintiff,             ) | |
| ) | |
| v.             ) | CIVIL ACTION NO. 5:16-CV-250 (MTT) |
| ) | |
| HOTEL EQUITIES INC.,             ) | |
| ) | |
| Defendant.             ) | |
| ) | |

### ORDER

*Pro se* Plaintiff Marcus M. Freeman has moved to proceed in forma pauperis. (Doc. 2) and for the appointment of counsel (Doc. 3). Pursuant to 28 U.S.C. § 1915(a), a district court must determine whether the statements contained in a financial affidavit satisfy the requirement of poverty. *Martinez v. Kristi Cleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). "[A]n affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id*. Based on the Plaintiff's application, it is apparent he is unable to pay court fees and costs because of his poverty. Therefore, the Plaintiff's motion to proceed in forma pauperis is **GRANTED**.

Because the Plaintiff is proceeding in forma pauperis, the Court is required to dismiss the case if it: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Plaintiff appears to allege the Defendant retaliated against him because of his age, resulting in his termination, in violation of the

Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C § 621 *et seq.* (Doc. 1 at 4). He also appears to have asserted a hostile work environment claim under the ADEA.

Specifically, the Plaintiff alleges the Defendant "use[d] [his] age against [him] and also the use of retaliation method." (Doc. 1 at 5). He then directs the Court to his EEOC Charge of Discrimination in which he states:

> Hotel Equities subjected me to harassment and treated me in a disparate and discriminatory manner due to my age. Hotel Equities allowed my co-workers to harass me, including, but not limited to, allowing employees to call me "Grand-Daddy" and other names regarding my age. In June of 2015, I made reports of the hostile environment, including the threats of physical violence to HR Representative, Amy. In retaliation for complaints, false accusations were levied against me[,] and Hotel Equities terminated me later that same month.

(Doc. 1-1 at 1).

To establish a prima facie case of retaliation, a plaintiff must allege that (1) he "engaged in statutorily protected expression"; (2) he "suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression." *Weeks v. Hardin Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002). The Plaintiff has sufficiently alleged that he engaged in protected expression by filing complaints about workplace harassment, that he suffered an adverse employment action by being terminated, and that there was a causal relationship between his termination and his filing complaints. *See Shannon v. Bellsouth Telecomms., Inc.*, 292 F.3d 712, 715 n.2 (11th Cir. 2002) (concluding that protected activity includes voiced complaints to superiors and the use of employers' grievance procedures to lodge complaints).

With respect to any hostile work environment claim, the Plaintiff must allege that:

> (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his membership in the protected group; (4) it was severe or pervasive enough to alter the terms and conditions of employment and create a hostile or abusive working environment; and (5) the employer is responsible for that environment under a theory of either vicarious or direct liability.

*Jones v .UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012) (internal quotation marks omitted); *Dexter v. Amedisys Home Health, Inc. of Ala.*, 965 F. Supp. 2d 1280, 1289 (N.D. Ala. 2013).  As to the fourth element, the Court considers the totality of the circumstances, including "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." *Miller v. Kenworth of Dothan, Inc.,* 277 F.3d 1269, 1276 (11th Cir. 2002).

The Plaintiff simply alleges that his employer permitted coworkers to harass him by, "including, but not limited to, allowing [them] to call [him] 'Grand Daddy' and other names regarding [his] age." (Doc. 1-1 at 1).  This allegation is too vague and insufficient to allege harassment that was severe and pervasive.  If the Plaintiff wishes to assert a hostile work environment claim in addition to his retaliation claim, the Plaintiff is **ORDERED** to recast his complaint within **30 days** of the entry of this Order to sufficiently allege such a claim.[1]  The Plaintiff may also allege additional details regarding his retaliation claim in his recast complaint,

---

[1] The Court acknowledges the Eleventh Circuit has yet to officially decide "whether the hostile environment doctrine developed in Title VII actions applies in an ADEA action."  *U.S. EEOC v. Yardley*, 117 F.3d 1244, 1249 n.7 (11th Cir. 1997); *see also Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1245 n.80 (11th Cir. 2001) ("[a]ssuming hostile environment claims are cognizable under ADEA" and concluding the "[t]he conduct Plaintiffs allege was not sufficiently severe or pervasive as to constitute a hostile environment").  The Court will resolve that issue at a later time should the Plaintiff sufficiently recast his claim.

even though the allegations are minimally adequate for purposes of screening to go forward.

With respect to the Plaintiff's motion to appoint counsel, the Court has carefully considered the Plaintiff's request and finds that appointment of counsel is unwarranted because the issues are neither factually nor legally complex.  *See Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) ("Appointment of counsel in a civil case is not a constitutional right.").  Accordingly, the Plaintiff's motion is **DENIED**.  (Doc. 3).

**SO ORDERED**, this the 28th day of July, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT