# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| MARCUS M. FREEMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:16-CV-250 (MTT) |
| HOTEL EQUITIES GROUP, LLC, | ) ) ) |
| Defendant. | ) ) |

## ORDER

Defendant Hotel Equities has moved for summary judgment. Doc. 15. Hotel Equities contends that Plaintiff's claim is judicially estopped because Plaintiff failed to disclose this claim in his bankruptcy proceedings. *Id.* For the reasons discussed below, the motion is **DENIED**.

## I. BACKGROUND

### A. Plaintiff's Claim

According to his complaint, Plaintiff began working for Hotel Equities at the Macon, Georgia Fairfield Inn & Suites on August 9, 2007. Docs. 1 at 4; 1-1 at 1. During that time, Plaintiff was promoted "from houseman to maintenance chief." Doc. 6 at 3. On June 25, 2015, he was terminated, and that adverse employment action is the source of his ADEA claim. *Id.* at 5; Doc. 1-1.

On October 27, 2015, Plaintiff filed a Charge of Discrimination with the Georgia Equal Opportunity Commission and the EEOC, claiming Hotel Equities fired him in retaliation for his complaints about discrimination against him on the basis of age. Doc. 1-1 at 1. Specifically, Plaintiff claims that:

> Hotel Equities subjected me to harassment and treated me
> in a disparate and discriminatory manner due to my age.

> Hotel Equities allowed my co-workers to harass me,
> including, but not limited to, allowing employees to call me
> "Grand-Daddy" and other names regarding my age. In June
> of 2015, I made reports of the hostile environment, including
> the threats of physical violence to HR Representative, Amy.
> In retaliation for my complaints, false accusations were
> levied against me and Hotel Equities terminated me later
> that same month.

*Id.* The EEOC sent Plaintiff a Notice of Right to Sue on May 26, 2016. *Id.* at 2. On June 28, 2016 Plaintiff filed this claim alleging "Age-retaliation" related to his termination of employment. Doc. 1 at 4. The Court approved Plaintiff's motion to proceed in forma pauperis, found that Plaintiff had sufficiently alleged a claim of retaliation under the Age Discrimination in Employment Act, and found that Plaintiff had not sufficiently alleged a hostile work environment claim but could recast his complaint to sufficiently allege such a claim. Doc. 5. Plaintiff supplemented his complaint. Doc. 6. But the Court found that Plaintiff still failed to sufficiently allege a hostile work environment claim, and the Court dismissed that claim without prejudice. Doc. 7.

**B.    Plaintiff's Bankruptcy and Hotel Equities's Motion for Summary Judgment**

Meanwhile, on July 11, 2013, Plaintiff filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Middle District of Georgia, represented by counsel. Doc. 15-3 at 2-3. On October 29, 2015, two days after he filed his EEOC complaint, Plaintiff gave notice of the conversion of his Chapter 13 case to a Chapter 7 case, again represented by counsel. Doc. 15-4 at 2. Plaintiff did not list his claim against Hotel Equities in his original Chapter 13 filing, amend his schedule when he filed his EEOC complaint, or amend his schedule to add the claim when he converted his bankruptcy to a Chapter 7 case. Doc. 15-1 at ¶¶ 4, 11; *see* Doc. 20 at ¶¶ 4, 11 (Plaintiff's response to Hotel Equities's statement of material facts, not denying that he

failed to amend but claiming that he was not at fault for the failure because his attorney prepared his bankruptcy documents). On December 2, 2015, the trustee of Plaintiff's estate, having not "received any property nor paid any money on account of this estate," found "that there is no property available for distribution from the estate over and above that exempted by law." Chapter 7 Trustee's Report of No Distribution, *In the Matter of Marcus Freeman*, No. 5:13-bk-51756 (M.D. Ga. Bankr. Dec. 2, 2015), ECF No. 38. On February 1, 2016, United States Bankruptcy Judge Austin E. Carter granted discharge of many of Plaintiff's debts. Order Discharging Debtor, *Freeman*, No. 5:13-bk-51756 (Feb. 1, 2016), ECF No. 40.

On January 10, 2017, the day before the Court held a conference with the parties to set the case's discovery schedule, Hotel Equities moved for summary judgment, arguing that because Plaintiff had not revealed his legal claims during his bankruptcy proceedings he was judicially estopped from pursuing this action. Doc. 15.[1]

---

[1] As Hotel Equities points out, Plaintiff originally failed to comply with Middle District of Georgia Local Rule 56. Doc. 19 at 1. Plaintiff did not originally respond to Hotel Equities's statement of undisputed facts. Local Rule 56 requires a response to "each of the movant's numbered material facts," in an attached "separate and concise statement of material facts." M.D. Ga. L.R. 56. "All material facts contained in the moving party's statement which are not specifically controverted by specific citation to the record shall be deemed to have been admitted, unless otherwise appropriate." *Id.*; *see also* Fed. R. Civ. P. 56(e) (allowing a district court to give the nonmoving party a chance to address the fact, consider the fact undisputed, grant summary judgment if the movant is so entitled, or issue any other appropriate order). Moreover, the Court instructed Plaintiff regarding his duty to respond to the motion for summary judgment and the consequences for failing to do so, both orally at a scheduling conference and in a written notice sent by the Clerk of Court. Docs. 16; 17.

On the other hand, Plaintiff is a pro se party, and "pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quotation marks and citation omitted). Plaintiff substantively responded to Hotel Equities's motion, even if he failed to comply with Local Rule 56 by failing to attach a separate and concise statement of material facts or specifically controvert Hotel Equities's numbered statement of material facts. Doc. 18. When alerted to his failure to comply with Local Rule 56 by Hotel Equities's reply brief, Plaintiff supplemented his response to address each material fact specifically. Doc. 20. And, even setting aside Plaintiff's responses to Hotel Equities's statement of material facts, the facts are undisputed: Plaintiff admitted that he converted his Chapter 13 bankruptcy to a Chapter 7 bankruptcy and that he did

## C. The Eleventh Circuit's Reconsideration of Judicial Estoppel

On February 24, 2016, a three-judge Eleventh Circuit panel held that circuit precedent dictated that judicial estoppel barred a plaintiff's claim when the plaintiff had failed to disclose the claim in his bankruptcy schedule, but Judge Tjoflat specially concurred in order to "call[] for en banc review to set straight the doctrine of judicial estoppel." *Slater v. U.S. Steel Corp.*, 820 F.3d 1193, 1212 (11th Cir.) (Tjoflat, J., concurring). Judge Tjoflat's colleagues agreed, and the Eleventh Circuit granted en banc review "to reconsider this precedent." 871 F.3d 1174, 1176 (11th Cir. 2017).

While that review was pending, the Court addressed a letter to the parties noting the unsettled law of the circuit, and the Court stayed this case without objection. Doc. 21. The Eleventh Circuit decided *Slater* on September 18, 2017, and the Court addressed another letter to the parties, asking Hotel Equities if it "still maintain[ed] that summary judgment is appropriate on the facts in the record and the arguments in its briefs." Doc. 22 at 1. Hotel Equities answered that it "is still entitled to summary judgment under the Eleventh Circuit's ruling in *Slater*." Doc. 24 at 1. Accordingly, the issue is ripe for consideration.

---

not amend his bankruptcy petition to disclose potential his EEOC charge. *Compare* Doc. 15-1 at ¶¶ 10-11 (Hotel Equities's statement of material facts), *with* Doc. 20 at ¶¶ 10-11 (Plaintiff's response, not denying such facts). Plaintiff only denies that he was responsible for the failure, arguing that he "had an attorney . . . who had sole responsibility to answering questions and filing the proper bankruptcy papers." Doc. 20 at ¶ 3. Accordingly, the Court's analysis of Hotel Equities's motion for summary judgment is the same regardless of whether Hotel Equities's statement of material facts is deemed admitted by Plaintiff's original failure to comply with Local Rule 56.

## II. DISCUSSION

**A.     Summary Judgment Standard**

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A factual dispute is not genuine unless, based on the evidence presented, "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quotation marks and citation omitted).  The movant must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

The burden then shifts to the non-moving party, who must rebut the movant's showing "by producing . . . relevant and admissible evidence beyond the pleadings." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  The non-moving party does not satisfy its burden "if the rebuttal evidence 'is merely colorable, or is not significantly probative' of a disputed fact." *Id.* (quoting *Anderson*, 477 U.S. at 249-50).  However, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . .  The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Anderson*, 477 U.S. at 255 (citation omitted).

## B. Judicial Estoppel and Bankruptcy

Judicial estoppel is an equitable doctrine that prevents a party from "asserting a claim in a legal proceeding that is inconsistent with a claim taken by the party in a previous proceeding." *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010) (quotation marks and citation omitted). The Eleventh Circuit has identified two primary factors for establishing the bar of judicial estoppel. "First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002) (quotation marks and citation omitted) (*overruled in part* by *Slater*, 871 F.3d 1174). These factors are not exhaustive, and the Court must "give due consideration to the circumstances of the particular case." *Robinson*, 595 F.3d at 1273 (citation omitted).

As *Slater* has now clarified:

> [W]hen determining whether a plaintiff who failed to disclose a civil lawsuit in bankruptcy filings intended to make a mockery of the judicial system, a district court should consider all the facts and circumstances of the case . . . . [V]oluntariness alone does not necessarily establish a calculated attempt to undermine the judicial process. We therefore overrule the portions of [Eleventh Circuit precedent] that permit a district court to infer intent to misuse the courts without considering the individual plaintiff and the circumstances surrounding the nondisclosure.

871 F.3d at 1176-77. The Eleventh Circuit held that such an inquiry into a plaintiff's intent is necessary because, "[a]s an equitable doctrine, judicial estoppel should apply only when the plaintiff's conduct is egregious enough that the situation demands

equitable intervention." *Id.* at 1187 (quotation and punctuation marks and citation omitted).

The Eleventh Circuit identified the following factors for a district court to consider:

> When the plaintiff's inconsistent statement comes in the form of an omission in bankruptcy disclosures, the court may consider such factors as the plaintiff's level of sophistication, whether and under what circumstances the plaintiff corrected the disclosures, whether the plaintiff told his bankruptcy attorney about the civil claims before filing the bankruptcy disclosures, whether the trustee or creditors were aware of the civil lawsuit or claims before the plaintiff amended the disclosures, whether the plaintiff identified other lawsuits to which he was party, and any findings or actions by the bankruptcy court after the omission was discovered.

*Id.* at 1185. But the Eleventh Circuit noted that its list was not exhaustive. *See id.* at 1185 n.9 ("We emphasize that this list is not exhaustive; the district court is free to consider any fact or factor it deems relevant to the intent inquiry.").

**C.     Application to the Plaintiff's Claim**

Considering "all the facts and circumstances of the case," the Court concludes that Hotel Equities has not established as a matter of law that Plaintiff intended to make a mockery of the judicial system. *Id.* at 1186. The factors the Eleventh Circuit articulated in *Slater* support this conclusion.

As to "the plaintiff's level of sophistication," Plaintiff is not an attorney and is proceeding pro se in this action. *Id.* at 1185. Plaintiff claims that he failed to amend his bankruptcy schedule out of ignorance of his duties, rather than intent to hide assets. *See* Docs. 18 at 1 ("On January 11, 2017 thru [sic] January 12, 2017 is when I first learned of a law that would connect E.E.O.C. to Bankruptcy Laws. I should not be punished for something that I had no knowledge of as any normal citizen."); 20 at ¶ 13

("I admit and do apologize to the courts for having an attorney that fail [sic] to communicate certain laws to me. For myself I never held back anything from my attorney concerning bankruptcy laws for any personal gain."). Hotel Equities argues that because Plaintiff was represented in his bankruptcy case, he "was not an unsophisticated pro se party in bankruptcy" and therefore it is appropriate for the Court to infer that Plaintiff intended to make a mockery of the judicial system. Doc. 24 at 1-2. But Plaintiff is unrepresented in this action, and it is just as likely that Plaintiff previously failed to understand his obligations as a result of miscommunication or failure of communication with his bankruptcy counsel than that Plaintiff deliberately took inconsistent positions under oath. *See* Docs. 18 at 1 ("On January 11, 2017 thru [sic] January 12, 2017 is when I first learned of a law that would connect E.E.O.C. to Bankruptcy Laws."); 20 at ¶ 10 ("I admit to this in part, but had no knowledge of the EEOC and Bankruptcy connection, my first knowledge of this was January of 2017 by the [C]ourt[']s statement to me and the defendant[']s statement to me.").

Two other *Slater* factors are "whether and under what circumstances the plaintiff corrected the disclosures" and "any findings or actions by the bankruptcy court after the omission was discovered." *Slater*, 871 F.3d at 1185. Judge Carter has granted Plaintiff's unopposed motion to reopen his bankruptcy case. Order Reopening Case, *Freeman*, No. 5:13-bk-51756 (Oct. 17, 2017), ECF No. 49. Plaintiff has filed an amended schedule in his bankruptcy case. Amended Schedules B, *Freeman*, No. 5:13-bk-51756 (Oct. 18, 2017), ECF No. 50. And Judge Carter has set a hearing on November 29 to consider Plaintiff's amended schedule. Notice of Hearing by the Court, *Freeman*, No. 5:13-bk-51756 (Oct. 26, 2017), ECF No. 54. As Hotel Equities notes,

Plaintiff failed to attempt to amend his bankruptcy filings until after receiving the Court's letter following the Eleventh Circuit's opinion in *Slater*. Doc. 24 at 2. Hotel Equities argues that "[i]f Plaintiff truly intended to be up front and honest with the bankruptcy court, he would have amended his filings back in January 2017 when he was alerted to his failure to disclose." *Id*. But Plaintiff has attempted to correct his schedule, and the bankruptcy court appears to be allowing him to do so. The Court is not convinced that Plaintiff's delay demonstrates, as a matter of law, an intention to not be "up front and honest with the bankruptcy court." *Id*. Accordingly, these factors appear to also weigh against summary judgment.

The other three enumerated *Slater* factors are "whether the plaintiff told his bankruptcy attorney about the civil claims before filing the bankruptcy disclosures, whether the trustee or creditors were aware of the civil lawsuit or claims before the plaintiff amended the disclosures, [and] whether the plaintiff identified other lawsuits to which he was party." *Slater*, 871 F.3d at 1185. Hotel Equities argues that "there is no evidence that the bankruptcy trustee or creditors were aware of Plaintiff's claims against Hotel Equities before he filed paperwork to amend his disclosures." Doc. 24 at 2. Hotel Equities also points out that Plaintiff converted his bankruptcy within days after filing his charge with the EEOC, which "shows that his EEOC Charge was on his mind and he decided not to disclose it." *Id*.

The Court is not convinced. As Plaintiff freely acknowledges, he did not disclose his interest in the claim underlying this lawsuit to this Court, the bankruptcy court, or his creditors. *See* Doc. 20 at ¶ 13 ("I admit and do apologize to the courts for having an attorney that fail to communicate certain laws to me."); *see generally* Doc. 18. Plaintiff

argues, however, that his failure was unintentional, because he did not understand his obligation to disclose his EEOC claim. *See* Docs. 18 at 1 ("I should not be punished for something that I had no knowledge of as any normal citizen."); 20 at ¶ 13 ("For myself I never held back anything from my attorney concerning bankruptcy laws for any personal gain."). And Plaintiff's equitable argument comports with *Slater*. "We overrule the portions of [previous Eleventh Circuit cases] that permitted the inference that a plaintiff intended to make a mockery of the judicial system simply because he failed to disclose a civil claim." *Slater*, 871 F.3d at 1185; *see also id.* at 1186 ("By rejecting a one-size-fits-all approach, we reduce the risk that the application of judicial estoppel will give the civil defendant a windfall at the expense of innocent creditors.").

In sum, the Court cannot find "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" on the assertion that Plaintiff intended to make a mockery of the judicial system. Fed. R. Civ. P. 56(a). "When a plaintiff intended no deception, judicial estoppel may not be applied." *Slater*, 871 F.3d at 1187.

### III. CONCLUSION

For the reasons discussed above, Hotel Equities's motion for summary judgment (Doc. 15) is **DENIED**.

**SO ORDERED**, this 6th day of November, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
